**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**SAM ANTHONY TOCCO,**

      **Plaintiff,**                               **CIVIL ACTION NO. 11-CV-10310**

vs.

                                            **DISTRICT JUDGE NANCY G. EDMUNDS**

**RICHMAN GREER**                    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**PROFESSIONAL ASSOCIATION
and JOHN R. WHITTLES,**

      **Defendants.**
_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL DISCOVERY (DOCKET NO. 23)

This matter comes before the Court on Defendants' Motion To Compel Discovery. (Docket no. 23). Plaintiff filed a response. (Docket on. 27). Defendants filed a reply. (Docket no. 28). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 33). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 25). The Court heard oral argument on the motion on March 22, 2012. At the conclusion of the hearing, the Court took this matter under advisement. Upon further consideration, the Court **GRANTS IN PART** Defendants' Motion to Compel Discovery.

Plaintiff Sam Anthony Tocco initiated this lawsuit against Florida attorney, John Whittles, and Whittles' law firm, the Richman Greer Professional Association, on January 25, 2011 seeking damages under theories of fraudulent, innocent, and negligent misrepresentation. According to the complaint, Defendants represented Florida resident Joseph Zada in efforts to facilitate payment by Zada of a $5 million debt Zada owes to Plaintiff. Plaintiff maintains that from January 2008 through

1

June 2009 Defendants made oral and written promises to him that Zada was to receive a large inheritance and had more than sufficient funds to repay Plaintiff, that Zada had every intention to repay his debt of $5 million to Plaintiff, that funds from Zada were transferred to the Richman Greer client trust account for disbursement to Plaintiff, and that Defendants independently verified Zada's financial picture and confirmed that Zada had sufficient funds from which to pay the debt. The complaint alleges that Defendant Whittles made such representations during an August 2008 meeting between Plaintiff, counsel, and Defendant Whittles among other places. The complaint further alleges that in reliance upon Defendants' representations, Plaintiff refrained from filing a lawsuit against Zada and instead continued to invest money with him. On July 28, 2009 Plaintiff obtained a consent judgment against Zada from the Wayne County Circuit Court in the amount of $4,797,541 plus costs, attorney fees and interest. Plaintiff contends that in the time he spent waiting for payment in reliance on Defendants' representations, Zada dissipated his assets rendering the judgment against Zada uncollectible.

In his initial disclosures and discovery responses Plaintiff identified present and former attorneys likely to have discoverable information concerning the claims or defenses in this action. Plaintiff identified his former attorney, Daniel Simjanovski, as having personal knowledge of the August 2008 meeting referenced in the complaint at which Defendant Whittles made certain representations to Plaintiff in the presence of Simjanovski. (Docket no. 23, ex. A; Docket no. 27, ex. M). Plaintiff also identified his attorney of record, Mayer Morganroth, as having personal knowledge of statements made by Defendant Whittles. (Docket no. 23, ex. A). Additionally, Plaintiff's interrogatory responses state that he conferred with Morganroth in 2008 or 2009 regarding the possibility of suing Zada on the debt. (Docket no. 23, ex. A). Finally, Plaintiff's

2

initial disclosures and discovery responses state that Plaintiff's tax attorney, Erwin Rubenstein, has personal knowledge of conversations Rubenstein had with Defendant Whittles wherein "representations regarding repayment were made by Defendants." (Docket no. 27, ex. M).

Plaintiff included Daniel Simjanovski and Erwin Rubenstein on his witness list. (Docket no. 18). Mayer Morganroth is not identified on the parties' witness lists or supplemental witness lists, although both parties claimed at the hearing on this motion that Morganroth has been named as a witness in this case.

In the instant motion Defendants contend that during the depositions of Plaintiff, Simjanovski, Morganroth, and Rubenstein, Plaintiff invoked the attorney-client privilege as a basis to withhold testimony on the following issues: whether, before July 2009 a) Plaintiff or his counsel had independent means of verifying whether Zada had the ability to satisfy the outstanding debt, b) Plaintiff was advised by counsel not to rely upon representations regarding Zada's potential and future inheritance, c) Plaintiff was advised by legal counsel to immediately institute collection proceedings, and d) Plaintiff and/or his legal advisors knew or could have ascertained that Zada was not collectible absent the potential inheritance.

Defendants move for a judicial determination that Plaintiff impliedly waived the attorney-client privilege with respect to these four issues on the grounds that these matters go to the heart of the litigation and in particular to the issue of whether Plaintiff reasonably relied on Defendants' assertions. Defendants request an order allowing them to continue the depositions of Plaintiff, Simjanovski, Rubenstein, and Morganroth without Plaintiff's assertion of the attorney-client privilege.

Defendants cite *Howe v. Detroit Free Press, Inc.*, 487 N.W.2d 374 (Mich. 1992) as support

for their argument that the attorney-client privilege may be impliedly waived through conduct that makes it unfair for the proponent to assert the privilege. In *Howe*, the Michigan Supreme Court resolved an implied waiver issue by balancing fairness principles. In doing so, the court weighed the importance of the privilege to the holder against the relevance of the information sought and whether assertion of the privilege would seriously undermine the ability of the party seeking disclosure to defend against the claims. The court opined that "the privilege ends at the point where the defendant can show that the plaintiff's civil claim, and the probable defenses thereto, are enmeshed in important evidence that will be unavailable to the defendant if the privilege prevails." *Id*. at 382.

Defendants urge the Court to apply the *Howe* balancing test to the instant case, arguing that they are not able to obtain evidence going to the issue of whether Plaintiff's reliance on Defendants' assertions was reasonable from any other source. Plaintiff on the other hand urges the Court to reject Defendants' argument under *Howe* and instead apply the standard enunciated in *In re Lott*, 424 F.3d 446 (6th Cir. 2005) on the grounds that *Howe* involves a statutory probation report privilege and not the attorney-client privilege. Under *Lott*, implied waivers of the attorney-client privilege are narrowly construed and generally found where a plaintiff asserts claims or defenses that put his attorney's advice directly at issue in the litigation. *Id.* at 453-55. If the party holding the privilege will be forced to draw upon the privileged material at trial, the subject matter of a privileged communication is at issue. *Id.* at 453-54.

As is well-recognized, when a case comes to the Court based on diversity jurisdiction and features only state-law claims, Michigan state law governs the scope of the attorney-client privilege. *Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303, 305 n.2 (E.D. Mich. 2000) (citing Fed. R. Evid.

4

501). In *In re Perrigo Co.*, 128 F.3d 430 (6th Cir. 1997), the Sixth Circuit Court of Appeals recognized this principle and cited *Howe* in both the majority and concurring/dissenting opinions in relation to waiver of the attorney-client privilege. *Id.* at 439-44. In *Dow Chem. Co. v. Reinhard*, No. 07-12012, 2008 WL 2245007, at *4-5 (E.D. Mich. May 30, 2008), the court also relied upon the principles espoused in *Howe* to determine whether the attorney-client privilege at issue in that case was waived.

Under the *Howe* balancing test, the Court begins with a presumption in favor of preserving the privilege. *In re Perrigo Co.*, 128 F.3d at 440. To overcome the presumption, Defendants must demonstrate at a minimum that the material to be discovered is relevant to their case and that Plaintiff's assertion of the privilege seriously undermines their ability to defend against Plaintiff's claims. *Howe*, 487 N.W.2d at 383-84; *In re Perrigo*, 128 F.3d at 442-44. "Fairness considerations also require an assessment of the importance of the privilege to its holder." *In re Perrigo Co.*, 128 F.3d at 444 (citing *Howe*, 487 N.W.2d at 383).

With respect to the deposition of Erwin Rubenstein, which was conducted after the close of discovery, the deposition transcript submitted to the Court indicates that Rubenstein has personal knowledge of conversations he had with Defendant Whittles involving a debt Zada owed, not to Plaintiff, but to a different client of Rubenstein's. Rubenstein testified as to these matters and during his testimony disclosed that he did not give Plaintiff legal advice regarding matters relevant to this lawsuit other than to recommend that Plaintiff retain a good law firm. (Docket no. 41 at p. 5-6). The transcript of Rubenstein's deposition reveals that Defendants did not ask Rubenstein questions that invaded attorney-client communications. Consequently, Plaintiff did not invoke the attorney-client privilege during the deposition. Balancing fairness considerations, the Court finds that Defendants

have not established that the line of questioning they wish to pursue in Rubenstein's reopened deposition is relevant or that they will be unable to defend against Plaintiff's claims without the sought after testimony. Given the sanctity of the attorney-client privilege and the seriousness of privilege waiver, the Court will deny Defendants' motion as to Rubenstein.

Next, Defendants seek to reopen the depositions of Morganroth, Simjanovski, and Plaintiff. The parties agree that Morganroth and Simjanovski are identified as witnesses in this action. Furthermore, discovery responses reveal that these attorneys have personal knowledge of issues relevant to the instant lawsuit. For example, Plaintiff has indicated that he conferred with Morganroth in 2008 or 2009 about the possibility of suing Zada on the debt. Simjanovski reportedly has personal knowledge concerning an August 2008 meeting which Plaintiff relies upon as one of the bases supporting his complaint. Defendants contend that they are unable to obtain evidence on the issue of reasonable reliance from any other source.

The Court concludes that fairness considerations tilt the balance in favor of finding that Plaintiff impliedly waived his privilege as between Morganroth, Simjanovski, and himself. Since waiver of privilege is to be construed narrowly, the Court will grant Defendants' motion to reopen the depositions of Morganroth, Simjanovski, and Plaintiff to permit testimony on the following limited issues without Plaintiff asserting the attorney-client privilege: whether, before July 2009 a) Plaintiff or his counsel had independent means of verifying whether Zada had the ability to satisfy the outstanding debt, b) Plaintiff was advised by counsel not to rely upon representations regarding Zada's potential and future inheritance, c) Plaintiff was advised by legal counsel to immediately institute collection proceedings, and d) Plaintiff and/or his legal advisors knew or could have ascertained that Zada was not collectible absent the potential inheritance.

6

**IT IS THEREFORE ORDERED** that Defendants' Motion To Compel Discovery (docket no. 23) is **GRANTED IN PART**. Defendants may reopen the depositions of Mayer Morganroth, Daniel Simjanovski, and Plaintiff for a period not to exceed one hour for each deposition for the sole purpose of permitting questioning on the following limited issues without Plaintiff asserting the attorney-client privilege: whether, before July 2009 a) Plaintiff or his counsel had independent means of verifying whether Zada had the ability to satisfy the outstanding debt, b) Plaintiff was advised by counsel not to rely upon representations regarding Zada's potential and future inheritance, c) Plaintiff was advised by legal counsel to immediately institute collection proceedings, and d) Plaintiff and/or his legal advisors knew or could have ascertained that Zada was not collectible absent the potential inheritance.

**IT IS FURTHER ORDERED** that Defendants' request to reopen the deposition of Erwin Rubenstein is denied.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 9, 2012                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 9, 2012			s/ Lisa C. Bartlett
					Case Manager