# EXHIBIT 38

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SERGEI V. FEDOROV,

    Plaintiff,

v.

JOSEPH ZADA, an individual, ZADA ENTERPRISES, LLC, a Michigan Limited Liability Company, XANDARIUS LLC, a Michigan limited liability company, XANDARIUS LLC, a Florida limited liability Company, and EQUEST PROPERTIES, LLC, A Florida limited liability company, Jointly and Severally,

    Defendants.

Hon. Michael F. Sapala
Case No. 09-018061-CB

**RECEIVER'S SIXTH INTERIM STATUS REPORT**

Pursuant to this Court's Order Appointing Receiver dated August 21, 2009, and the subsequent Orders dated September 2, 2009 and November 20, 2009, expanding the role and duties of the Receiver (the "Receivership Orders"), Patrick M. O'Keefe and O'Keefe & Associates (the "Receiver") files his Sixth Interim Status Report for Joseph Zada ("Mr. Zada") and related defendants ("Zada Entities"), stating as follows:

## Resolution of the Contempt Proceedings

On August 31, 2011, this Court entered the Stipulated Order Resolving the Contempt Proceedings and for Approval of Settlement (the "Stipulated Order") which concluded the contempt actions brought by the Receiver against Mr. Zada. As the Court is aware, the contempt proceedings were instituted by the Receiver to: (a) force Mr. Zada's compliance with the Receivership Orders and other various orders of the court in order to assist in the identification

of assets, including the whereabouts of over $100 Million in unaccounted for funds, and (b) punish Mr. Zada for what the Receiver believed to be willful violations of those orders.

The institution of the contempt actions and the resolution that followed resulted in a number of tangible benefits to the Receivership. For instance, Mr. Zada is no longer able to assert Fifth Amendment protections as part of the Receiver's investigatory process. Additionally, in the event Mr. Zada's unfettered cooperation and compliance with the Receivership Orders and the Stipulated Order is not given, Mr. Zada risks a summary re-institution of the Contempt Proceedings and any penalties that may result.

In the aftermath of the entry of the Stipulated Order, the Receiver has taken steps to implement same, including the associated Settlement Agreement related to Mr. Zada's equestrian facility in Wellington, Florida, which is secured in favor of Iberiabank. In accordance with the Stipulated Order, The Receiver recently turned over possession of the equestrian facility to Iberiabank and is no longer responsible for its day-to-day administration. Moreover, the Receiver expects all obligations of Iberiabank under the Settlement Agreement to be satisfied by the end of December. In the event that does not happen, the Receiver will advise the Court.

## The Receiver's Ongoing Investigation

The Receiver continues his investigation into the whereabouts of the millions of dollars once controlled by Mr. Zada. While Mr. Zada claims he used the funds he received to pay off his financial obligations, the simple fact remains that the money taken in by Mr. Zada does not coincide with what is known to have been paid out by him. And, despite the analysis of thousands of transactions involving Mr. Zada aimed at reconciling funds in against funds out, it is clear to the Receiver that there are "holes" in Mr. Zada's explanation. Therefore, additional

2

work needs to be done in order to account for these funds. Accordingly, the Receiver has identified several people of interest that he plans to interview and/or depose in order to shed some additional light on Mr. Zada's financial dealings and the murky picture those dealings paint.

As reported to the Court in an earlier status filing, The Receiver is also exploring the engagement of private investigators and financial forensic professionals to undertake investigations to identify potential assets/funds that may exist inside and/or outside of the United States.[1]

### Additional Efforts Aimed at Recouping Funds

As reported to the Court previously, the Receiver continues to analyze potential causes of action and claims against third parties as a possible means to recover estate assets. Such efforts are not uncommon in cases like this, and if individuals and/or entities are identified as possible defendants, the Receiver will advise the Court.

### Funds Into and Out of the Receivership

As of April 30, 2011, the receivership account contained $288,582.44. There was a utility refund of $1,836.75 deposited in the account from May 1, 2011 to November 30, 2011. Disbursements during that same period totaled $276,306.54, primarily related to administrative expenses (see attached). In addition to these expenses, the Receiver continued to incur legal

---

[1] Unfortunately, this and similar courses of action have proven to be financially prohibitive given the lack of funds in the estate. Therefore, the Receiver is exploring different ways in which to undertake such courses of action so that further "next level" investigations can take place. Several ideas that have been preliminarily discussed include offering a reward(s)/finder's fee(s) and raising money from interested creditors to underwrite ongoing investigatory and legal efforts. To the extent there is further interest in this regard, the Receiver will advise the Court and seek guidance from and/or approval of the Court with respect to same.

3

expenses and costs related to management of the Florida property, obtaining financial documents by way of subpoena, the ongoing contempt proceedings against Mr. Zada and general representation of the Receivership Estate. As of November 30, 2011, the receivership account contains $14,112.65.

Respectfully submitted,

O'KEEFE & ASSOCIATES CONSULTING, LLC

Date: December 12, 2011

By: _____
Patrick M. O'Keefe,
Receiver for Joseph Zada et al.
2 Lone Pine Road
Bloomfield Hills, MI 48034
Tel: (248) 593-4810
Fax: (248) 593-6108

4795810_1

4

FEDEROV V. ZADA
RECEIPTS AND DISBURSEMENTS
May 1, 2011 - November 30, 2011

| | | Description |
|---|---:|---|
| Beginning Balance - May 1, 2011 | $ 289,582.44 | |
| **Cash Receipts** | | |
| Florida Power & Light | 1,836.75 | Utility Account Refund |
| Total Receipts | 1,836.75 | |
| **Cash Disbursements - Administrative** | | |
| ASI | 573.00 | Flood Insurance |
| Ruden McCloskey | 32,588.18 | Legal fees pertaining to equestrian facility lease |
| Great Lakes Shorthand | 766.10 | Transcripts |
| Holland & Knight | 3,957.10 | Legal Fees |
| Nova Title Agency | 425.00 | Title Search & Work Fee |
| AFCO Credit Corp. | 14,868.68 | Monthly insurance installments |
| Jay Steven Levine | 3,772.04 | Association Dues for 3410 Old Hampton Dr. |
| Bienenstock Nationwide Court Reporting | 100.00 | Transcripts |
| O'Keefe & Associates | 135,000.00 | Professional Fees |
| Varnum Riddering Schmidt & Howlett | 75,000.00 | Legal Fees |
| | 267,050.06 | |
| **Cash Disbursements - Contractors** | | |
| Advanced Alarm Service Inc. | 556.42 | Quarterly fire alarm and central monitoring |
| Florida Power & Light | 4,350.06 | Utilities: Equestrian Facility |
| JSA Property Management | 4,350.00 | Lawn Maintenance: Equestrian Facility |
| | 9,256.48 | |
| Total Disbursements | 276,306.54 | |
| Ending Balance - November 30, 2011 | $ 14,112.65 | |

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SERGEI V. FEDOROV,

    Plaintiff,

v.

JOSEPH ZADA, an individual, ZADA
ENTERPRISES, LLC, a Michigan Limited
Liability Company, XANDARIUS LLC, a
Michigan limited liability company,
XANDARIUS LLC, a Florida limited liability
Company, and EQUEST PROPERTIES, LLC,
A Florida limited liability company, Jointly
and Severally,

    Defendants.

Hon. Michael F. Sapala
Case No. 09-018061-CB

**PROOF OF SERVICE**

---

MANTESE AND ROSSMAN, P.C.
Gerard V. Mantese (P34424)
Brendan H. Frey (P70893)
Attorneys for Plaintiff
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200

MARC G. BEGININ, PLLC
Marc G. Beginin (P65576)
Co-Counsel for Plaintiff
2023 Hazel Street
Eton Street Station
Birmingham, MI 48009
(248) 593-1028

FINKEL, WHITEFIELD, SELIK
Mark Merlanti (P35804)
Attorneys for Dr. A. Lewis Katzowitz
32300 Northwestern Highway, Suite 200
Farmington Hills, MI 48334
(248) 855-6500

VARNUM
Michael S. McElwee (P36088)
Steven T. Buquicchio (P62076)
Timothy P. Monsma (P72245)
Attorneys for Receiver
Bridgewater Place, 333 Bridge Street, N.W.
Grand Rapids, MI 49504
(616) 336-6000

ALOIA & ASSOCIATES PC
Benjamin J. Aloia (P54424)
Attorneys for Defendants
48 S. Main St. Ste 3
Mount Clemens, MI 48043
(586) 783-3300

BODMAN LLP
James J. Vlasic (P29485)
Thomas P. Bruetsch (P57473)
Attorneys for Intervenor Peoples State Bank
201 W. Big Beaver Rd., Ste. 500
Troy, MI 48084
(248) 743-6000

I, Sherry Gunst, am an employee at Varnum, and on the 27th day of December, 2011, I served:

1) *Receiver's Sixth Interim Status Report;* and 2) *Proof of Service* upon:

Gerard V. Mantese
Brendan H. Frey
Mantese and Rossman PC
1361 E Big Beaver Road
Troy, MI 48083

Marc G. Beginin
Marc G. Beginin, PLLC
2023 Hazel Street
Eton Street Station
Birmingham, MI 48009

Mark Merlanti
FINKEL, WHITEFIELD, SELIK
32300 Northwestern Hwy, Ste 200
Farmington Hills, MI 48334

Benjamin J. Aloia
Aloia & Associates PC
48 S. Main St. Ste 3
Mount Clemens, MI 48043

James J. Vlasic
Thomas P. Bruetsch
BODMAN LLP
201 W. Big Beaver Rd., Ste. 500
Troy, MI 48084

Mark J. Kriger
LaRene & Kriger, PLC
645 Griswold St., Suite 1717
Detroit, MI 48226

by first-class mail.

I declare that the statements above are true to the best of my information, knowledge, and belief.

*Sherry Gunst* (signature)
Sherry Gunst

4827846_1.DOC

2

FEDEROV V. ZADA
RECEIPTS AND DISBURSEMENTS
January 1, 2011 - April 30, 2011

| | | Description |
|---|---|---|
| Beginning Balance - January 1, 2011 | $ 103,447.53 | |

**Cash Receipts**

| | | |
|---|---|---|
| Trident Title | 98,521.74 | Monthly Rent |
| Larene & Kriger PLC | 100,000.00 | Deposit from Zada Counsel |
| Total Receipts | 198,521.74 | |

**Cash Disbursements - Administrative**

| | | |
|---|---|---|
| PNC Bank | 50.00 | Service Charges |
| Great Lakes Shorthand | 760.10 | Transcripts |
| Kane & Trap Court Reporting, Inc. | 795.00 | Transcripts |
| Rehmann Corporate Investigative Services | 373.00 | Forensic IT/Quickbooks |
| Evergreen Insurance Agency | 5,433.16 | Insurance down payment on Equest Properties LLC |
| AFCO Credit Corp. | 4,915.26 | Monthly Insurance Installments |
| Check Mate | 24.95 | Checks |
| Andrea Knox | 270.00 | Reimbursement for book appraisal |
| Iberia Bank | 600.00 | Reimbursement for jewelry appraisal |
| | 13,221.47 | |

**Cash Disbursements - Contractors**

| | | |
|---|---|---|
| Advanced Alarm Service Inc. | 165.36 | Quarterly fire alarm and central monitoring |
| | 165.36 | |
| Total Disbursements | 13,386.83 | |
| Ending Balance - April 30, 2011 | $ 288,582.44 | |